MARY E. WEAVER, Admx., *vs.* INDUSTRIAL TRUST CO.

PROVIDENCE—MARCH 24, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Probate Law and Practice.  Married Woman as Administratrix.*

Gen. Laws cap. 194, § 11, providing that a married woman may not be administratrix by the appointment of any court, applies to the appointment of one who is married at the time of appointment and not to the vacating of the office by one who marries after the appointment.

ASSUMPSIT for money had and received, brought by an administratrix against a bank where funds of the estate were deposited, which withheld such funds on the ground that the marriage of the administratrix after her appointment vacated such appointment.

PER CURIAM. The statutes affecting the status of an administratrix who has married after appointment are by no means clear.

(1) By Pub. Stat. cap. 184, § 20, the marriage vacated the office.

Gen. Laws cap. 194, § 11, provides that a married woman may not be administratrix "by appointment of any court."

These words are used in distinction from appointment by will in the same section.

We think that as the provision of the Public Statutes is repealed and the provision of the General Laws does not specify the same thing, the words "may not be administratrix, trustee or guardian, by the appointment of any court" must be construed to apply to the appointment of one who is married at the time of appointment, and not to the vacating of the office by one who marries after the appointment.

The plaintiff, therefore, was entitled to demand the money as administratrix, and judgment will be entered accordingly.

*W. M. P. Bowen*, for plaintiff.

*Van Slyck & Mumford*, for defendant.